UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IVORY D. JOHNSON, Individually and On Behalf of All Others Similarly Situated, § § § § | |
| Plaintiff, § § | |
| v. § § | CIVIL ACTION NO. _____ |
| AVION SYSTEMS, INC., § § | |
| Defendant. § | |

## PLAINTIFF'S ORIGINAL COMPLAINT – COLLECTIVE ACTION

### SUMMARY

1.      Plaintiff works more than forty (40) hours in a workweek as a field engineer for Avion Systems, Inc., ("Defendant").  Plaintiff is an hourly paid manual laborer who installs cell phone tower equipment.  Defendant pays Plaintiff straight time for overtime.  Defendant does not pay Plaintiff overtime pay for such hours at the overtime rate required under the Fair Labor Standards Act (FLSA).

2.      Defendant's conduct violates the FLSA, which requires non-exempt employees to be compensated for all hours in excess of forty (40) in a workweek at one and one-half times their regular rate. *See* 29 U.S.C. § 207(a).

3.      Defendant likewise does not pay overtime to other similarly situated workers throughout the United States.  Those other workers should receive notice of their right to join this suit.

## SUBJECT MATTER JURISDICTION AND VENUE

**4.** This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

**5.** Venue is proper in the Southern District of Texas because a substantial portion of the events forming the basis of this suit occurred in this District.

## PARTIES AND PERSONAL JURISDICTION

**6.** Plaintiff Ivory D. Johnson is an individual residing in Dallas County, Texas. Plaintiff's written consent form to this action is attached hereto as Exhibit "A".

**7.** The Class Members are Defendant's hourly paid current and former field engineers throughout the United States.

**8.** Defendant Avion Systems, Inc. is a Georgia Corporation. This Defendant may be served with process by serving its registered agent as follows: Kanchana Raman, 200 Mansell Court East, Ste 300, Roswell, GA 30076.

**9.** This Court has personal jurisdiction over Avion Systems, Inc. because said Defendant purposefully availed itself of the privilege of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

**10.** Defendant has and continues to have continuous and systematic contacts with the State of Texas sufficient to establish general jurisdiction over said Defendant. Specifically, Defendant conducts business in the Dallas and Houston markets.

**11.** In particular, Defendant contracts with residents and businesses in Texas.

12. This cause of action arose from or relates to the contacts of Defendant with Texas residents, thereby conferring specific jurisdiction over said Defendant as well.

13. In particular, Defendant employed Texas citizens and failed to pay them for all hours worked in accordance with the Fair Labor Standards Act. This claim is based on the exact contact that Defendant has had with the forum state.

14. Furthermore, Defendant engaged in activities constituting business in the State of Texas in that said Defendant contracted with Texas residents and performance of the agreements in whole or in part thereof was to occur in Texas, and the Defendant recruits or has recruited Texas residents for employment inside or outside this state.

## FLSA COVERAGE

15. At all material times, Defendant has been an employer within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

16. At all material times, Defendant has been an enterprise within the meaning of 3(r) of the FLSA. 29 U.S.C. § 203(r).

17. At all material times, Defendant has been an enterprise or enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because Defendant has had and continues to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

18. Furthermore, Defendant has an annual gross business volume of not less than $500,000.00.

## FACTS

19. Defendant provides telecommunication equipment installation services to telecommunication companies nationwide.

20. Plaintiff is employed by Defendant as a field engineer. As such, his primary duty consists of installing equipment at cell phone towers located throughout Houston and the southern region of Texas.

21. Plaintiff is an hourly paid employee who primarily performs manual labor.

22. Although Plaintiff has been required to work more than forty (40) hours per work-week, and does so frequently, Plaintiff is not compensated at the FLSA mandated time-and-a-half rate for hours in excess of forty (40) per work-week. Instead, he is paid a flat hourly rate for all hours worked, regardless of how many hours he actually works. That is, Defendant pays Plaintiff straight time for overtime.

23. No FLSA exemption applies to hourly paid employees such as the Plaintiff. Plaintiff is a non-exempt employee.

24. Defendant's method of paying Plaintiff in violation of the FLSA is willful, and is not based on a good faith and reasonable belief that its conduct does not violate the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

25. Plaintiff has actual knowledge that Class Members have also been denied overtime pay for hours worked over forty (40) hours per workweek.

26. Other employees similarly situated to the Plaintiff work for Defendant throughout the United States in a similar capacity, but are not paid overtime at the rate of one and one-half their regular rate when those hours exceeded forty (40) hours per workweek.

**27.** Although Defendant permitted and/or required the Class Members to work in excess of forty (40) hours per workweek, Defendant has denied them full compensation for their hours worked over forty (40).

**28.** The Class Members perform or have performed the same or similar work as the Plaintiff.

**29.** Class Members regularly work or have worked in excess of forty (40) hours during a workweek.

**30.** Class Members are not exempt from receiving overtime under the FLSA.

**31.** As such, Class Members are similar to Plaintiff in terms of job duties, pay structure, and/or the denial of overtime.

**32.** Defendant's failure to pay overtime compensation at the rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the Class Members.

**33.** The experiences of the Plaintiff, with respect to his pay, are typical of the experiences of the Class Members.

**34.** The specific job titles or precise job responsibilities of each Class Member does not prevent collective treatment.

**35.** All Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty (40) during a workweek.

**36.** Although the exact amount of damages may vary among Class Members, the damages for the Class Members can be easily calculated by a simple formula. The claims of all Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by the Defendant that caused harm to all Class Members.

37. As such, the class of similarly situated Plaintiffs is properly defined as follows:

> **The Class includes all current and former hourly paid field engineers employed by Defendant throughout the United States during the three-year period before the filing of this Complaint.**

### PLAINTIFF'S AND CLASS MEMBERS' OVERTIME WAGE CLAIM

38. Plaintiff and Class Members incorporate all allegations contained in the foregoing paragraphs.

39. Defendant's practice of failing to pay Plaintiff and Class Members for all hours violates the FLSA. *See* 29 U.S.C. § 207.

40. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to the Defendant or to the Plaintiff and Class Members.

41. Defendant paid Plaintiff and Class Members a flat hourly rate for all time worked over 40 in a workweek, and failed to pay Plaintiff and Class Members the legally mandated time and one-half rate for the hours worked over 40 in a workweek. That is, Defendant paid Plaintiff and Class Members straight time for overtime.

42. Defendant's compensation policy violates the FLSA.

43. No exemption excuses the Defendant from paying the federally mandated overtime rates for hours worked over forty.

44. Nor has the Defendant made a good faith effort to comply with the FLSA.

45. Instead, the Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation.

## **OVERTIME WAGE DAMAGES SOUGHT**

**46.** Plaintiff and Class Members are entitled to recover their unpaid overtime compensation.

**47.** Plaintiff and Class Members are entitled to an amount equal to all of their unpaid overtime wages as liquidated damages. 29 USC § 216(b).

**48.** Plaintiff and Class Members are entitled to recover attorney's fees and costs as required by the FLSA.  29 USC § 216(b).

## **PRAYER**

**49.** For these reasons, Plaintiff and Class Members respectfully request that judgment be entered in their favor awarding them the following:

a. Overtime compensation for all hours worked over forty in a workweek at the applicable time-and-a-half rate;

b. An equal amount as liquidated damages as allowed under the FLSA;

c. Reasonable attorney's fees, costs and expenses of this action as provided by the FLSA; and

d. Such other relief to which Plaintiff and Class Members may be entitled, at law or in equity.

Respectfully submitted,

KENNEDY HODGES, LLP

By: /s/ Galvin B. Kennedy
    Galvin B. Kennedy
    State Bar No. 00796870
    Federal Bar No. 20791
    gkennedy@kennedyhodges.com
    711 W. Alabama St.
    Houston, TX  77006
    Telephone: (713) 523-0001
    Facsimile: (713) 523-1116
ATTORNEY IN CHARGE FOR PLAINTIFF
& CLASS MEMBERS

OF COUNSEL:
Ricardo J. Prieto
State Bar No. 24062947
Federal Bar No. 1001658
rprieto@kennedyhodges.com
KENNEDY HODGES, L.L.P.
711 W. Alabama St.
Houston, TX  77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116